Mary Jo O'Neill  Az #005924 (Pro Hac Vice)
Sally C. Shanley AZ# 012251 (Pro Hac Vice)
Valerie L. Meyer CA # 228586 (Pro Hac Vice)
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-4988
Email:  mary.oneill@eeoc.gov
        sally.shanley@eeoc.gov
        Valerie.meyer@eeoc.gov

Attorneys for Plaintiff

FILED
U.S. DISTRICT COURT
2009 OCT 27  P 5:02
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

RECEIVED
OCT 2 7 2009
OFFICE OF U.S. DISTRICT JUDGE
BRUCE S. JENKINS

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>vs.<br><br>TIM DAHLE IMPORTS, INC., a Utah corporation, doing business as Tim Dahle Nissan of Sandy,<br><br>        Defendant. | Case No.: 2:08-cv-00397-BSJ<br><br>CONSENT DECREE |

The United States Equal Employment Opportunity Commission (the Commision or EEOC) field this action against Tim Dahle Imports, Inc., doing business as Tim Dahle Nissan of Sandy ("Dahle", "TDI" or "the Company") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Complaint, the Commission alleged that certain TDI employees sexually harassed Kory Larsen and a class of women employed at TDI's Nissan dealership in Sandy, Utah, and retaliated against Kory Larsen in violation of Title VII by terminating her employment because she opposed unlawful employment practices.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. This decree shall constitute neither an admission by Defendant to any violation of Title VII, nor an adjudication by this Court on the merits of the allegations in the complaint.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.

It is hereby ORDERED, ADJUDGED, and DECREED:

1. This decree resolves all claims of the Commission against Defendant TDI, including back pay, compensatory and punitive damages, interest, injunctive relief, and attorney's fees and costs arising out of the issues in this lawsuit.

2. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the Commission, the class members, TDI, and the public.

3. This Decree, and any provision herein regarding TDI, applies to TDI and to its officers, agents, employees, successors, and assigns.

## INJUNCTION

4. TDI, and its officers, agents, employees, successors, assigns and all persons in active concert or participation with it, are permanently enjoined for the duration of the decree from (a) sexually harassing any employee and (b) retaliating against any employee because he or she (i) opposed discriminatory practices made unlawful by Title VII, (ii) filed a charge or is assisting or participating in the filing of a charge of sexual harassment, or (iii) assisted or participated in an investigation or proceeding brought under Title VII.

## MONETARY RELIEF

5. Judgment is entered in favor of the Commission and against TDI in the amount of Four Hundred and Fifty-Five Thousand Dollars ($455,000.00). TDI shall pay the gross sum of Four Hundred and Fifty-Five Thousand ($455,000.00) to be distributed among eligible claimants as defined in Attachment A. The $455,000.00 is to be paid to the identified claimants within ten business days of the Court's entry of this Consent Decree.

6. TDI shall pay the settlement amount separately to each class member by check, cashier's check, or money order, in accordance with Paragraphs Five and Seven of this Decree. These payments represent settlement of compensatory damages. Defendant shall make no deductions from these amounts. The Defendant will issue IRS 1099 forms for all payments on or before January 30, 2010.

7. The checks provided for in Paragraph Six of this Decree shall be mailed directly by TDI to each class member at the addresses supplied by the Commission. Within three business days of issuance of the checks, TDI shall submit a copy of each check and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona 85012. TDI shall also submit to the Regional Attorney a copy of each recipient's canceled check within ten business days of the cancellation of the check.

8. Defendant will not condition the receipt of monetary relief on any class member's agreement to: (a) maintain as confidential the terms of this Decree; (b) waive her statutory right to file prospectively a charge with any federal or state anti-discrimination agency; or (c) refrain from reapplying for a job or temporary position with Defendant.

## OTHER RELIEF

9. TDI shall expunge from the personnel files of each class member all references to the charges of discrimination filed against Defendant or their participation

in this action, derogatory documents which related to complaints, or investigation of complaints of sexual harassment.

10. TDI shall provide each class member in Attachment A with the written apology attached as Exhibit B, signed and printed on TDI letterhead. TDI shall mail these apologies directly to each class member within ten business days of the entry of this Consent Decree by the Court.

11. TDI shall provide each class member in Attachment A with the positive written employment reference attached as Exhibit C, and shall provide such references when requested by the prospective employer of any class member in Attachment A. TDI shall mail these references directly to each class member within ten business days of the entry of this Consent Decree by the Court.

12. TDI shall take prompt, appropriate disciplinary action (up to and including termination) against any discriminating official(s) employed by TDI at the time the Court enters this Consent Decree.

13. TDI shall institute and carry out policies and practices that help assure a work environment free from sexual harassment and that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived, or actual, made unlawful by Title VII. To assist TDI in its efforts to assure a work environment free of sexual harassment and retaliation, TDI shall take the actions provided in Paragraphs Fourteen through Twenty-Five of this Decree.

### DEFENDANT'S CORRECTIVE POLICIES AND PRACTICES

14. TDI shall post at each of its facilities for the duration of this Decree, in a prominent place frequented by its employees, the notice attached as Exhibit D in both English and Spanish. The Spanish translation must be prepared by a court-certified Spanish translator. The notice shall be the same type, style, and size as Exhibit D.

15. TDI shall provide training in both English and Spanish on sexual

harassment and retaliation, according to the following terms:

    A.    TDI shall retain and pay for a Consultant/Trainer who shall provide consultation and training for a period of four (4) years from the date of this Decree. During each of the next four years, the Consultant/Trainer shall conduct one live seminar training session each year. TDI has identified Robert Rice as its Consultant/Trainer. If Robert Rice is not available, TDI will obtain the EEOC's approval for a replacement. The live sessions in years one and three shall be for taping purposes and the live sessions in years two and four will be for executives and management. All TDI employees shall attend the seminar session or the videotaped showing of the pre-recorded session in each of the four years. TDI may, at its election, have duplicative videotaped sessions to accommodate staffing needs. TDI shall be responsible for any additional costs to provide such duplicative sessions. TDI's Consultant/Trainer will attend and help facilitate the videotaped showings of pre-recorded sessions.

    B.    During the first year, 2009, the seminar-training session shall be conducted within four (4) months of the entry of this Decree. For the second through fourth years, the seminar-training session shall be conducted between ten (10) and thirteen (13) months after the completion of the preceding session.

    C.    The seminar-training sessions shall be no less than ninety (90) minutes, plus fifteen (15) to thirty (30) minutes of questions and answers. All personnel designated in Paragraph Fifteen-A, shall both register and attend the seminar-training session. The registry of attendance shall be retained by TDI for the duration of the Decree.

    D.    The seminars shall include the subject of what constitutes sexual harassment and retaliation; that sexual harassment and retaliation in the hiring, firing, compensation, assignment, or other terms, conditions, or privileges of employment, violates Title VII; how to prevent sexual harassment and retaliation; how to provide a

work environment free from sexual harassment and retaliation; and to whom and by what means employees may complain if they feel they have been subjected to sexual harassment or retaliation in the workplace. The session shall also review and explain TDI policies set out in Paragraph Eighteen of this Decree.

    E.    During the live training session, Defendant's President and/or Owner shall speak to the employees about the discipline that can be taken against supervisors, managers, and employees at TDI, including salespersons, who commit acts of sexual harassment or retaliation or allow sexual harassment or retaliation to occur in the workplace, the importance of maintaining an environment free of sexual harassment and retaliation, and TDI policy in regard to sexual harassment and retaliation referred to in Paragraph Eighteen of this Decree.

16.    The Commission, at its discretion, may designate Commission representatives to attend and participate in the seminar-training sessions, and the representative shall have the right to attend and fully participate in the sessions.

17.    TDI shall hire or contract with a person (Administrator) whose responsibilities shall include administration of this Consent Decree. The Administrator shall report directly to the President and/or Owner of TDI. This position shall be filled for at least four (4) years.

18.    Within thirty (30) days of the entry of this decree, TDI shall revise its written policy concerning sexual harassment and retaliation to conform with the law. This written policy must be in both Spanish and English and include, at a minimum:

    A.    A strong and clear commitment to a workplace free of sexual harassment and retaliation;

    B.    Clear and complete definitions of sexual harassment, both quid pro quo and environmental, and retaliation, with many relevant examples;

    C.    A clear and strong encouragement of persons who believe they have

been harassed or retaliated against to come forward;

      D.     A description of the consequences, up to and including termination, that will be imposed upon violators of the policy;

      E.     A promise of maximum feasible confidentiality for persons who believe that they have been harassed or retaliated against;

      F.     An assurance of non-retaliation for witnesses of sexual harassment and persons who believe they have been sexually harassed;

      G.     That sexual harassment by all persons, including management officials, supervisors, salespersons, vendors, suppliers, third parties, and customers is prohibited and will not be tolerated;

      H.     The identification of specific individuals, internal and external to TDI, with their telephone numbers, to whom employees who have been sexually harassed or retaliated against can report the sexual harassment, including a written statement that the employee may report the harassment to designated persons outside their chain of management. At least one of the designated persons must be Spanish-speaking to facilitate communication with Spanish-speaking employees, and must be designated as Spanish-speaking in the materials;

      I.     That employees are not to discuss sexual conduct and/or sexual jokes while at work;

      J.     That no sexually-oriented materials or objects shall be viewed on or brought to the premises of TDI;

      K.     That physical contact between employees that may be construed as sexual is prohibited on the premises of TDI;

      L.     Assurances that TDI will investigate sexual harassment and retaliation allegations promptly, fairly, reasonably, and effectively by appropriate investigators and that appropriate corrective action will be taken by TDI to make victims

whole and to eradicate the sexual harassment and retaliation.

These policies shall be transmitted to TDI by its President and/or Owner and distributed to each current employee within thirty (30) days of the entry of the Decree. These policies shall be distributed to all new employees when hired and reissued to each employee once a year for the term of this Decree. These policies also shall be posted in both English and Spanish in a prominent place frequented by the employees.

19. TDI shall institute a procedure which evaluates supervisors, managers, and applicable human resources personnel on their performance in responding to complaints of sexual harassment and retaliation. The failure of such an employee to enforce the sexual harassment and anti-retaliation policy must result in disciplinary action.

20. TDI shall promptly and appropriately investigate all complaints of sexual harassment and/or retaliation. The investigation must include a finding of whether sexual harassment and/or retaliation occurred; a credibility assessment, if necessary; interviews of all potential victims and witnesses identified; and concurrent notes of the investigation. TDI shall take immediate appropriate corrective action to make sexual harassment and/or retaliation victims whole, to discipline harassers and retaliators, and to eradicate the sexual harassment and/or retaliation.

21. TDI shall not retain documents related to the investigation in any of the victims' personnel files. All disciplinary actions taken against employees for violation of TDI sexual harassment and/or anti-retaliation policy will be retained in the harasser's personnel file. In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in the alleged harasser's personnel file.

22. TDI shall inform its vendors and suppliers, including agencies providing temporary employees, of its sexual harassment and/or anti-retaliation policy and that failure to conform to the policy may result in prohibitions from conducting business with TDI and on its premises.

## REPORTING BY DEFENDANT AND ACCESS BY EEOC

23.     TDI shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suit 690, Phoenix, Arizona 85012, beginning six (6) months from the date of the entry of this Decree, and thereafter every six (6) months for the duration of the Decree, the following information:

   A.     Any changes, modifications, revocations, or revisions to its policies and procedures that concern or affect the subject of sexual harassment and/or retaliation;

   B.     The name, address, position, social security number, and telephone number of any individual who has brought allegations of sexual harassment and/or retaliation against TDI personnel, formal or informal, including but not limited to, management officials, vendors, agents, employees and/or customers, during the six (6) months preceding the report. The nature of the complaint, investigatory efforts made by TDI, and the corrective action taken, if any, shall be specified;

   C.     The registry of persons attending the seminar required in Paragraph Fifteen of this Decree and a list of personnel employed by TDI on the day of the seminar-training session;

   D.     Confirmation that (i) the Notice required in Paragraph Fourteen of this Decree was posted in both English and Spanish and the locations where it was posted, (ii) the policies required in Paragraph Eighteen of this Decree were posted and distributed to each current and new employee in both English and Spanish, and (iii) the expungement from the class members' personnel files required in Paragraph Nine of this Decree took place, the date of the expungement, and the specific documents expunged;

   E.     A copy of the revised policy required in Paragraph Eighteen of this Decree in both English and Spanish;

   F.     A copy of each apology letter and reference letter mailed pursuant to

Paragraphs Ten and Eleven.

24. TDI shall comply with the reporting requirements of Title VII, including but not limited to the filing of Standard Form 100 in accordance with 29 C.F.R. § 1602.7, commonly known as the "Employer Information Report EEO-1."

25. The Commission, upon reasonable notice, shall have the right to enter and inspect TDI premises to ensure compliance with this Consent Decree and Title VII's prohibition of sexual harassment and retaliation.

## COSTS AND DURATION

26. Each party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

27. The duration of this Decree shall be four (4) years from its entry. This Court shall retain jurisdiction over this action for the duration of the decree, during which the Commission may petition this Court for compliance with this Decree. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such a period as may be necessary to remedy Defendant's non-compliance, may be ordered. This Decree shall expire by its own terms at the end of forty-eight (48) months from the date of entry, without further action by the parties.

28. The parties agree to entry of this Consent Decree and judgment subject to final approval by the Court.

10/26/09

Bruce S. Jenkins
District Court Judge

-10-

APPROVED AS TO FORM AND CONTENT.

*Sally Shanley for*
Mary Jo O'Neill
Regional Attorney

Sally C. Shanley
Supervisory Trial Attorney

Valerie Meyer
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff

Kristin Van Orman
STRONG & HANNI
3 Triad Center, Suite 500
Salt Lake City, UT 84180

Attorneys for Defendant

Timothy C. Dahle
Owner, Tim Dahle Imports, Inc.